## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

05 JUL -7 PM 4:37

| | | |
|---|---|---|
| ROBERT W. LONG, | : | |
| 586 S. Spring Street | | CASE NO. **C2 05 669** |
| Westerville, Ohio 43081 | : | |
| | : | JUDGE **JUDGE GRAHAM** |
| Plaintiff, | | |
| | : | MAGISTRATE JUDGE |
| v. | | |
| | : | **MAGISTRATE JUDGE ABEL** |
| SCHOOL EMPLOYEES | | |
| RETIREMENT SYSTEM, | : | |
| 300 East Broad Street, Suite 100 | | |
| Columbus, Ohio 43215 | : | |
| | | |
| Defendant. | : | |

### COMPLAINT
### (With Jury Demand)

Now comes the Plaintiff, Robert W. Long ("Plaintiff"), by and through his undersigned Counsel, and states the following as his Complaint:

### PARTIES

1. Plaintiff Robert W. Long is a natural person residing in Franklin County, Ohio.

2. Defendant School Employees Retirement System is a private entity headquartered in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court, pursuant to 42 U.S.C. § 1331, as Plaintiff is alleging a violation of Title VII of the Civil Rights Act of 1964, as amended in 1991.

4. This Court also has jurisdiction over the state law claims herein pursuant to supplemental jurisdiction as defined in 28 U.S.C. § 1367. Further, the state law claims are so inextricably intertwined that they form part of the same case and controversy.

5. Further, all events giving rise to this cause of action occurred within the Southern District of Ohio, Eastern Division.

## FACTUAL BACKGROUND

6. Defendant School Employees Retirement System ("Defendant") hired Plaintiff during February of 2000 as a Systems Analyst.

7. On or about July 26, 2000, Nancy Harpel, Plaintiff's Team Lead, made a sexual advance toward Plaintiff, which Plaintiff declined. During August of 2000, Defendant removed Plaintiff from Ms. Harpel's team.

8. During 2003, Defendant reassigned Plaintiff to Ms. Harpel's team. Ms. Harpel treated Plaintiff unfavorably, was overly critical of Plaintiff's work, and sabotaged Plaintiff's workflow and work product.

9. Plaintiff approached his supervisor, Anfried Berendts, about Ms. Harpel's treatment of Plaintiff. Mr. Berendts simply stated that Ms. Harpel "would not do something like that," and did not address the situation, so it continued.

10. During January of 2004, Defendant retained the services of an attorney to discuss sexual harassment with its employees. After the presentation, Plaintiff spoke with the attorney regarding Ms. Harpel's earlier sexual statement in 2000 and the treatment that Plaintiff was experiencing at the time. The attorney advised Plaintiff to speak with Defendant's Human Resources.

11. On or about January 23, 2004, Plaintiff spoke with a member of Human Resources, who stated that she would relay the information to Paula Harrington, the Director of Human Resources, about the hostile work environment, which was a result of Plaintiff's refusal of Ms. Harpel's sexual advance. Defendant also again spoke with Mr. Berendts about this issue.

12. During the week following Plaintiff's meeting with Human Resources, Defendant gave Plaintiff several disciplinary write-ups.

13. On or about January 28, 2004, Plaintiff attended a meeting with Teresa Wooley, Director of Information Technology, Ms. Harrington, and Mr. Berendts. Ms. Harrington, Ms. Wooley, and Mr. Berendts advised Plaintiff to put his version of events in writing.

14. On or about January 30, 2004, Plaintiff presented Mr. Berendts and Human Resources with his written statement regarding the sexual advance by Ms. Harpel in 2000 and the subsequent retaliatory treatment that he suffered when reassigned to Ms. Harpel's team.

15. On or about February 12, 2004, Defendant terminated Plaintiff's employment for pretextual reasons.

## COUNT I
## UNLAWFUL RETALIATION
## TITLE VII

16. Plaintiff hereby incorporates and realleges paragraphs 1 through 15 as if fully rewritten verbatim herein.

17. Plaintiff's team lead, Ms. Harpel, made a sexual advance toward Plaintiff and Plaintiff declined.

18. Upon his reassignment to Ms. Harpel's team, Plaintiff suffered retaliatory treatment as Ms. Harpel unduly downgraded and sabotaged his workflow and work product.

19. Plaintiff reported all wrongful actions of Ms. Harpel to Defendant, and received several disciplinary write-ups and was ultimately terminated in retaliation for those reports. Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter dated April 12, 2005, which is attached hereto.

20. Defendant's unlawful retaliation against Plainitff entitles Plaintiff to back pay, compensatory and punitive damages, and attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00. Plaintiff is also entitled to the equitable relief of reinstatement, and/or front pay.

### COUNT II
### UNLAWFUL RETALIATION
### O.R.C. § 4112 *et seq.*

21. Plaintiff hereby incorporates and realleges paragraphs 1 through 20 as if fully rewritten verbatim herein.

22. Plaintiff's team lead, Ms. Harpel, made a sexual advance toward Plaintiff and Plaintiff declined.

23. Upon his reassignment to Ms. Harpel's team, Plaintiff suffered retaliatory treatment as Ms. Harpel wrongfully downgraded and sabotaged his workflow and work product.

24. Plaintiff reported all behaviors of Ms. Harpel to Defendant and received several disciplinary write-ups and was ultimately terminated in retaliation for those reports.

25. Defendant's unlawful retaliation entitles plaintiff to back pay, compensatory and punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00. Plaintiff is also entitled to the equitable relief of reinstatement, and/or front pay.

### COUNT III
### WRONGFUL DISCHARGE IN VIOLATION OHIO PUBLIC POLICY

26. Plaintiff hereby incorporates and realleges paragraphs 1 through 25 as if fully rewritten verbatim herein.

27. The following are clear public policies of the State of Ohio:

    a. That it is unlawful to discharge an employee in retaliation for complaining and/or reporting unlawful behavior;

    b. That it is unlawful to discharge an employee for expressing the intention to utilize the assistance of legal counsel.

28. Discharging an employee under such circumstances as those under which Plaintiff was discharged jeopardizes one or more the public policies set forth in ¶27.

29. Plaintiff was discharged due to Defendants' opposition to one or more of the public policies set forth in ¶27.

30. Defendants had no business justification for Plaintiff's discharge that was sufficient to override its violation of one or more of the public policies set forth in ¶27.

31. Defendant's wrongful discharge of Plaintiff entitles Plaintiff to compensatory and punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $500,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, back pay, compensatory and punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00. Plaintiff is also entitled to the equitable relief of reinstatement, and/or front pay;

for Count II, back pay, compensatory and punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00. Plaintiff is also entitled to the equitable relief of reinstatement, and/or front pay; and,

for Count III, compensatory and punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all of the above claims

Respectfully Submitted,

*/s/ Laren E. Knoll*
Laren E. Knoll (0070594)
Trial Counsel for Plaintiff
Nicholas E. Kennedy (0070310)
KENNEDY REEVE & KNOLL
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050 telephone
(614) 228-3320 facsimile

EEOC Form 161 (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Robert W. Long
586 S. Spring Rd.
Westerville, OH 43081

From: Cleveland District Office
1660 West Second Street
Suite 850
Cleveland, OH 44113

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2004-01541 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
James R. Neely, Jr.,
Acting District Director

12 APR 2005
(Date Mailed)

Enclosure(s)

cc:
Emily A. Smith, Assistant Attorney General
SCHOOL EMPLOYEE RETIREMENT SYSTEM OF OHIO
STATE OF OHIO
OFFICE OF ATTORNEY GENERAL
EXECUTIVE AGENCIES SECTION
30 East Broad St., 26th Floor
Columbus, OH 43215-3400